IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL DUCHELLE GREEN,** ) | CASE NO. 7:21CV00171 |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **MR. JOSHUA SALMON,** ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| **Defendant.** ) | |

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the administrator of the Blue Ridge Regional Jail Authority ("BRRJA"). After review of Green's submissions, I conclude that his complaint must be summarily dismissed.

Green's allegations in the Complaint are sparse: "Mr. Chaous Ragsdale works for [BRRJA] so this makes Mr. Salmon [as BRRJA administrator] li[a]ble for these actions that have taken place." Compl. 2, ECF No. 1. Green states that he has filed a criminal complaint that is under investigation by the "Halifax P.D," but does not state what actions or whose actions are being investigated. As relief in this action, Green seeks monetary damages. In later submissions, Green indicates that on February 10, 2021, while Green was confined at the Halifax Adult Detention Center in Halifax, Virginia, Ragsdale assaulted him after he complained about how the facility was handling concerns regarding COVID-19. Green states that as he neared his cell, he "was hit from behind in the left shoulder and neck area" by Ragsdale, causing "pain in [his] back, shoulder, and neck areas." Add'l Evid. 1, ECF No. 5. Ragsdale allegedly continued to threaten Green, but other officers restrained him.

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on

which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Green's Complaint fails to make the required showings.

Green does not claim that Salmon used excessive force against Green or that Salmon knew of, but ignored prior incidents when Ragsdale had used excessive force against Green or other inmates. Rather, Green seeks to impose liability on Salmon merely based on her supervisory role at BRRJA. Such claims of automatic liability against a supervisory official are not actionable under § 1983. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights [because t]he doctrine of respondeat superior has no application" under § 1983. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citations omitted). Because Green does not allege facts indicating that Salmon acted personally in any way that deprived him of constitutionally protected rights, he states no § 1983 claim against this defendant.[1] Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1). An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 27th day of May, 2021.

Michael F. Urbanski
Chief U.S. District Judge
2021.05.27 23:03:56
-04'00'

_____
Chief United States District Judge

---

[1] The court notes that in Green's other civil rights action, Case No. 7:21CV00151, he names Officer Ragsdale as a defendant, and the court has directed the clerk to attempt service of process on the defendants.